It's the first case of the morning. 410-0416 for the appellant, Mr. Hildebrand, for the athlete, Ms. Shepard. Mr. Hildebrand? My name is Jack Hildebrand and I'm representing the defendant in this case, Mr. Powell. The first thing I'd like to start off with is what happened in the trial court. And I believe that the state was right when it recommended two sentences for the judge to impose. The state asked for 28 years for the attempt murder and 25 years for the add-on, a total of 53 years. However, the judge didn't follow that recommendation and instead gave one single sentence of 75 years, which is really substantial when you compare it to what the state asked for. It's 22 years beyond what the state originally asked for. There's some question about how the statute is to be read, whether it's an add-on or whether it changes the range of the sentences. And I believe it's pretty clear that the statute specifically says an add-on. And there are other areas in that statute that did not want to put an add-on but actually wanted to raise the range of that sentence. And they used different language saying that the range would be increased from 20 to 80 or from 20 to 40 to 20 to 80. It wasn't a specific add-on sentence like it is in this case. Now, on direct appeal, this court affirmed the conviction. Is that correct? Yes, sir. For some reason, this issue wasn't raised on direct appeal? No, sir. You mean it should? You're saying it should have been? It should have been and could have been. Yes. That's basically why we're asking the court to view this as a void sentence situation. Because it is void and because having a void sentence enables us to get by some of the waiver rules that are involved. This is the exact type of situation where I think the courts want that waiver rule not to apply because we're talking about a void sentence in this case. I think the arbitrariness of the sentence can be seen just in the discrepancy between what the state asked for and what the judge gave. How is Mr. Powell to attack his sentence on direct appeal or not? How does he know what to say? If he believes that the judge imposed six years for the attempt murder and 69 years for the add-on, how is he supposed to know that and how is he supposed to attack that? And he doesn't know which factors the judge used for each one. He could have thought that, well, maybe the judge, because this was a serious crime and there was a terrible injury to the victim, maybe the court gave him 30 years for the attempt murder and then 45 for the other. But that makes a very difficult argument because you don't know what factors you're really arguing against. Is it your argument that the sentence is unconstitutional? Yes, it is. Did you notify the Attorney General of your argument as required by Rule 19? I don't recall if I did or not. I don't think I did. Is that a problem? Right now, yes. And so, if the factors that are going to be used in this are going to be followed properly, certainly the goal of not having to deter guns from use by our citizens, that deterrence doesn't give the court specific guidelines to follow when they're going to impose such a sentence. For example, the way it stands now, the aggravating factor, the great bodily harm is used almost three times. Once for the actual element of offense and once for qualifying him for the add-on and then third for using it to give a more severe sentence than just the 25 years. That doesn't seem like a fair way to go about it. It doesn't seem to relate in any meaningful way to the legislature's attempt to deter crimes being committed with people who have guns. And the judge said that one of the purposes of her sentence was to make sure that the victim didn't have to ever deal with Mr. Powell again. And I'm sure that's exactly what happened. But that reason really is not a reason that would deter gun use. This was a specific sentence for her based on her relationship with him. And all that information, that should have been used in the original sentence. If this had been a sentence for attempted murder and we didn't have these add-ons, what factors would go into the sentencing on that? All the sentencing factors that we normally use, the statutory factors, the factors in the Constitution, the factors that are required under the sentencing hearing statute, all those factors would go in. So what's left over? What is left over to determine now that we're going to have an add-on? What increases the add-on over 25 when everything has already been taken into consideration? Even the gun, even the seriousness of the injury, the attitude of the defendant, all those things. So it's really, from one case to another, there's going to be no aggravating factors left over unless the judge in that particular case wants to reuse all the factors again. And I suppose that would happen, and I'm sure it probably does, but that really does not go to the legislative intent to remove guns from people who are going to be out there committing crimes. So I think that's pretty much the strongest argument that I can think of, is that what the judge did give us was a reason for imposing such a high sentence. But that reason, we don't know what it's based on except for her intent to not have the victim have to deal with this guy again. In this case, could the judge have imposed a sentence of 6 years for attempted first-degree murder? Yes. But then, after doing that, the judge would have to impose a sentence of at least 25 years, because of the add-on? Yeah, it would be 6 plus 25 for the 31. But the judge is required to use all the aggravating factors in that first sentence, in that first sentence for attempted murder. It's required to base that sentence on the statutory enhancing factors and all the other factors that we traditionally are required to use when determining what a sentence should be, how to formulate that sentence. And if we're using all those factors, then what are we using for the add-on? The only thing left over is, well, there was the use of a gun. Well, how can the use of a gun, that simple factor, justify an increase from 25 years to 26 years, or to 100 years? It doesn't really matter. But, like I mentioned in my brief, some courts may use them double. They use the same factors for one, same factors for the other. Some judges may not do that, because they don't want to make a situation that looks like there's a double enhancement, or that it's not fair to impose all those same factors. Again, on the same person. And that's pretty much what it boils down to. In this sentence, if you're going to apply factors, additional factors, to this 25-year add-on, we don't really have anything in place that would guide the judges on how to do that. How does a judge go from 25 years to 26 years, or 25 years to 45 years, when there's no criteria? And just the fact that this statute is to deter the use of guns, that is not enough information for a judge to have to know how to aggravate the sentence for more than 25 years for that add-on. So, no questions. Thank you, counsel. Ms. Sheppard? May it please the court? Counsel? The Supreme Court in Morgan and Hill has twice construed the firearms enhancements as increasing the sentencing range for the underlying offense. In Morgan, the Supreme Court held the same statute at issue here, created a sentencing range of 31 years to natural life. In Hill, the Supreme Court likewise held 15-year firearms enhancement for home invasion essentially raises the original sentencing range. The Supreme Court made that ruling in reversing the trial court's ruling that the sentencing enhancement was unconstitutional for the same reasons that defendant asserts here. The trial court in Hill held that the firearms enhancement at issue in that case compels this court to increase the sentence after this court has made its determination, thus this court has no discretion in considering the evidence from the case and independently arriving at a sentence mandated by the legislature with the minimum and maximum guidelines previously set. But that wasn't the 25-to-life enhancement, was it? It was not, but that does not make a difference. Well, sure it does. The other two enhancements are set in stone, 15 years or whatever. This one is 25-to-life. So it increases the range from 31 to natural life. But it's not a mandatory enhancement. You don't say, I'm going to add X number of years. The judge instead has to say, hmm, 25 years life? It calls for an exercise of discretion, doesn't it? It does call for an exercise of discretion, and the trial court in Hill, which the Supreme Court reversed, said, as the defendant says here, that in imposing and requiring that add-on, the legislature took away its discretion in sentencing. That was a 15-year add-on. It had no discretion. And the court, in rejecting that argument, said, no, this statute, the enhancements, the firearm enhancements, specifically the one at issue there, of course, raises the original sentencing range within which the court retains its ability to consider aggravating and mitigating factors. And the court said the fact that the legislature chose to implement that as an add-on, as opposed to merely directly increasing the original sentencing range, makes no substantive difference. So it's the way that the court is interpreting the add-on. It's saying, no, it's not an add-on to some sentence that the court has already imposed. Instead, it increases the sentencing range. So it's different here in that it's not a set term of years, as it was in Hill, but that's a distinction without a difference. It's 25 to natural life. That means that it increases the underlying class act sentence to 31, to natural life. So that interpretation defeats defendant's argument here, and that's binding, of course. And as the court knows, the statutes are supposed to be construed so that they may reasonably, their constitutionality may reasonably be upheld. We've got the Supreme Court's decision in Hill. We've got the Supreme Court's decision in Morgan saying that the statute increases the sentencing range. The particular statute in this case increases the sentencing range from 31 to natural life. In this case, what sentence did the trial court impose for attempt first-degree murder? The trial court did not bifurcate its sentencing decision. The trial court talked at length about the sentencing factors that it applied and said, I'm going to impose 75 years. And again, I'm recalling this from the record, but of course we're talking about the constitutionality of the statute. The defendant did not raise in his initial brief or his reply brief an attack on his particular sentence saying that it was excessive. He did get 75 years, but his argument is that the statute is vague and also that it's not reasonably related to the legislative purpose. Isn't it ambiguous if we don't know what sentence the trial court imposed for the underlying offense? The court didn't impose sentence that way, and that's in line with what the Supreme Court held the statute requires in Hill and Morgan, that it merely increases the range. Instead of 6 to 30, it's 31 to natural life. And the court talked about the factors. And, of course, it's questionable whether or not the court was required to even give a reason or talk about the factors that it used to impose that sentence. Because, of course, this court has held that a court is required to talk about to put on the record the reason for extending the sentence. But, of course, the extension was triggered by the jury's finding that the defendant personally discharged a firearm which proximately caused great bodily harm. So it was that finding in the statute that triggered the application of this larger range. So whether or not a trial judge gives reasons, the extent to which a trial judge gives reasons, that's beside the point of whether or not the statute is unconstitutional. And here the statute is not vague. It does not require, the Supreme Court has interpreted it as allowing a trial court to consider aggravating and mitigating factors in imposing sentence within an extended, an expanded range. And it also has clearly held in sharp that it's reasonably designed to remedy the particular evil that the legislature was targeting, which was the deterring the use of firearms in the commission of felonies. Let me ask you this. If the trial court in this case decided to impose a sentence of 30 years for the underlying offense, attempt first degree murder, then does the trial court have to add 25 on top of that for the use of the firearm? If the trial court had specifically said, now not considering the enhancement, I'm only going to impose the 30 years just for the attempt, then yes, the statute would require that at least six years be added. Because, oh wait, I'm sorry, you're right, you're right, 25. Yeah, it is 25. Yes, 25. But again, Your Honor, those arguments are, we're talking about the constitutionality of the statute and the two attacks that defendant makes on it have been rejected by the Supreme Court. And of course, why would the legislature, it does use the add-on language, but the Supreme Court has said, well, despite that, it really creates a range. And the fact that, you know, obviously it could have simply directly increased, and that language is in Hill, the original sentencing range, the fact that it did not and chose to implement this add-on scheme doesn't make a difference. We're interpreting it this way, and that should decide the issue, and does decide the issue that the state argues. As Mr. Hildebrand argues, does this statute sort of double up the add-on, imposes a sentence for the same factors that are considered in the underlying offense? Well, if we interpret the statute as the Supreme Court has said we should, as increasing the range, then it's not a doubling up. I mean, there is always a chance that a particular sentencing judge could say, well, you know, you personally discharged this firearm causing great bodily harm. I'm also going to consider that again, but that's just your garden variety, double enhancement type of argument in a particular case. It doesn't go to the constitutionality of the statute. And the state would also note that in the Supreme Court's decision in Sharp, which also concerned firearms enhancement, the Supreme Court said that the general rule against double enhancement is merely a rule of construction, and if the legislature clearly indicates that they wanted to create a double enhancement, then the court is not in a position to say that that makes the statute unconstitutional. And the court said the legislature's intentions regarding the circumstances in which the sentence enhancements are to be applied are quite clear. I have no reason to construe the statute in a manner so as to defeat that clearly expressed legislative intent. And in that case, that involved the firearm sentencing enhancements to murder, I believe it was, and the defendant said, well, there's always great bodily harm when there's a murder. But the court said it rejected it on one ground and said, well, it couldn't, the statute, the enhancement requires the harm to be caused by the firearm, but also there's a more fundamental difficulty if the legislature says that they want to have a double enhancement, then that's clearly expressed, that's fine. We don't have that problem here, and it's not, more fundamentally, it's not a reason to find that there's any constitutionality, constitutional infirmity in the statute. Does the prosecutor have the discretion what to charge? He can charge or she can charge the add-on or not charge it? I suppose so, Your Honor. The legislature, as the cases clearly point out, and in fact there is a statute that spells out the intent of this enhancement, and so it would be... The possibility of multiplication of charges is a problem? In almost every case the prosecutor has, he or she can go for life or can go for four or five years? Well, the statute only allows a possibility of natural life if the defendant personally discharges the firearm causing great bodily harm. So the statute says that's what the sentence is and can be. I mean, if you do that, then you're subject to this mandatory, as long as the fact finder finds it, of course, and the jury did here. So the legislature has said that's appropriate, and as the rules of statutory construction, as the court is well aware, that say that, I believe I quoted them in my brief, that the court gives special deference to sentencing legislation because the legislature is in a better position to determine sentencing statutes and lengths. So unless the court has any further questions, we would simply ask that you affirm. Rebuttal, Mr. O'Grant? Yes. I don't know how the double enhancement would work. If the court, if the legislature were to say, well, we don't have a problem with double enhancement, then I'm sure there would be some other attack made. Is it like an excessive sentence without any underlying reasoning or any kind of argument like that? And I don't think that it's discretionary in the way it's written now, whether the prosecutor can ask for the add-on or charge the add-on, because the statute, the attempt statute says it shall include this add-on. So I don't think that there's anybody that's going to be getting away without having to deal with this add-on in these types of cases where there's a shooting like that. What about Ms. Shepard's suggestion, all this does is merely increases the range. So the important thing is not how the judge got there. The important thing is could she have imposed a sentence of 75 years? No, I can't agree with that part of her argument because it specifically says this is an add-on to the sentence that's imposed. So we have to have the sentence imposed first before we have the add-on. I think that the only clear way to decipher that language is to say that there has to be two sentences, one for the underlying offense and then you add on to that sentence the 25 years. That's the wording. The state seems to want to argue in a way that really defies the wording of the statute and must rewrite the statute to say that the range has increased and that the 75-year sentence will be okay because you just get one sentence and it can be from six to natural life and you just get one sentence. That's not how the statute is written and it could have been written that way if the legislature had so choosed to do it. Thank you. Mr. Alderman, I suggest that you read Supreme Court Rule 19, that you do what then is required after seeking leave of this court to do so or the rule will tell you what you need to seek leave to do, I think, and we will hold the matter in abeyance until that is taken care of. Thank you. I appreciate it.